**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANTHONY BROOKS, | |
| PLAINTIFF, | CIVIL ACTION NO. |
| v. | 1:23-cv-01996-ELR |
| DUSTIN ANTHONY DUPREE, ON THE WAY, LLC, GREAT WEST CASUALTY COMPANY, and XYZ CORPORATION | |
| DEFENDANTS. | |

_____

**ANSWER OF DEFENDANTS DUSTIN ANTHONY DUPREE, ON THE WAY, LLC, AND GREAT WEST CASUALTY COMPANY TO PLAINTIFF'S COMPLAINT FOR DAMAGES**
_____

COME NOW Defendants Dustin Anthony Dupree, On the Way, LLC, and Great West Casualty Company (collectively referred to as "Defendants"), by and through their undersigned counsel, and file their Answer to Plaintiff's Complaint for Damages, and show the Court as follows:

**FIRST DEFENSE**

Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants did not breach any duties that they may have owed to Plaintiff.

## THIRD DEFENSE

No act or omission of Defendants proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff; therefore, Plaintiff has no right of recovery against Defendants.

## FOURTH DEFENSE

Defendants plead the defense of comparative fault and all applicable doctrines thereof as against Plaintiff and/or any subsequently added parties to this action.

## FIFTH DEFENSE

All injuries or damages allegedly sustained by Plaintiff resulted solely from the voluntary or intentional conduct of others and not from any conduct by Defendants.

## SIXTH DEFENSE

Any injuries, losses, or damages alleged by Plaintiff were proximately caused or contributed to by a superseding and intervening cause or causes other than an act or omission on the part these Defendants; accordingly, recovery or relief against Defendants is barred.

## SEVENTH DEFENSE

Defendants plead the defense of last clear chance.

## EIGHTH DEFENSE

Plaintiff's claim for "punitive damages" fails to state a claim upon which relief may be granted.

## NINTH DEFENSE

There is no basis in law or fact for the imposition of punitive damages with respect to the claims of the Plaintiff against Defendants.

## TENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## ELEVENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' rights to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which such damages

can be awarded.

## TWELFTH DEFENSE

Plaintiff's claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

## THIRTEENTH DEFENSE

Plaintiff's Complaint fails to plead special damages with particularity as required by O.C.G.A. § 9-11-9(g), and therefore fails as a matter of law.

## FOURTEENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure of Plaintiff to avoid consequences, failure of Plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release, res judicata, statute of limitations, statute of frauds, and waiver.

## FIFTEENTH DEFENSE

Defendants reserve the right to plead such other defenses as may become known during the course of investigation and discovery.

## ANSWER

Responding to the specifically numbered paragraphs of Plaintiff's Complaint, Defendants answer as follows:

### 1.

Defendants are without sufficient information to formulate a belief as to the truth or falsity of the allegations in Paragraph 1 of Plaintiff's Complaint.

### 2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### 4.

In responding to Paragraph 4 of Plaintiff's Complaint, Defendants admit that Defendant Dupree's address is properly listed, that he was properly served, and that he is subject to the jurisdiction of the Northern District of Georgia, Atlanta Division. Defendants deny the rest and remainder of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

In responding to Paragraph 5 of Plaintiff's Complaint, Defendants admit that Defendant On The Way's address is properly listed, that it was properly served, and that it is subject to the jurisdiction of the Northern District of Georgia, Atlanta Division.   Defendants deny the rest and remainder of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, as stated.

7.

In responding to Paragraph 7 of Plaintiff's Complaint, Defendants admit that Great West issued policy number MCP51258B to On the Way.  Defendants deny the rest and remainder of the allegations contained in Paragraph 7 of Plaintiff's Complaint, as stated.

8.

Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

In responding to Paragraph 9 of Plaintiff's Complaint, Defendants admit that

Great West is authorized to transact business in the State of Georgia, that it is subject to direct action under current Georgia law, and it is subject to the jurisdiction of the Northern District of Georgia, Atlanta Division. Defendants deny the rest and remainder of the allegations contained in Paragraph 9 of Plaintiff's Complaint, as stated.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, as stated.

11.

To the extent Paragraph 11 of Plaintiff's Complaint requires a response, Defendants are without sufficient information to formulate a belief as to the truth or falsity of the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

In responding to Paragraph 12 of Plaintiff's Complaint, Defendants admit that they are subject to the jurisdiction of the Northern District of Georgia, Atlanta Division. Defendants deny the rest and remainder of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of Plaintiff's

Complaint.

14.

Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit that Defendant Dustin Anthony Dupree was operating on behalf of Defendant On the Way, LLC at the time of the subject collision. Defendants deny the rest and remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

In responding to Paragraph 16 of Plaintiff's Complaint, Defendants admit that they are subject to the jurisdiction and venue of the Northern District of Georgia, Atlanta Division.  Defendants deny the rest and remainder of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants are without sufficient information to formulate a belief as to the truth or falsity of the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

In responding to Paragraph 18 of Plaintiff's Complaint, Defendants admit that

Defendant Dupree was traveling on I-20 East in Cobb County around the time the subject accident occurred.   Defendants deny the rest and remainder of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants admit that Defendant Dupree was driving the 2000 Volvo truck on behalf of On the Way, LLC, acting on behalf of Defendant On the Way at the time of the subject collision. Defendants deny the rest and remainder of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants are without sufficient information to formulate a belief as to the truth or falsity of the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's

Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

To the extent that the first sentence of Paragraph 26 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses. Defendants deny the rest and remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants are without sufficient information to formulate a belief as to the truth or falsity of the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants are without sufficient information to formulate a belief as to the truth or falsity of the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

To the extent that the first sentence of Paragraph 30 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses. Defendants deny the rest and remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

To the extent that Paragraph 32 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses.

33.

Defendants admit that Defendant Dupree generally owed a duty of care to act reasonably. Defendants deny the rest and remaining allegations contained in

Paragraph 33 of Plaintiff's Complaint, as stated.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint and all of its subparts.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint, and all of its subparts.

39.

To the extent that Paragraph 39 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in

the above Paragraphs and all of their Defenses.

40.

Defendants admit that Defendant Dupree generally owed a duty of care to act reasonably. Defendants deny the rest and remaining allegations contained in Paragraph 40 of Plaintiff's Complaint, as stated.

41.

Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint and all of its subparts.

42.

To the extent that Paragraph 42 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses.

43.

Defendants admit the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants admit that Defendant On The Way generally owed a duty of care to act reasonably. Defendants deny the rest and remaining allegations contained in Paragraph 44 of Plaintiff's Complaint, as stated.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint and all of its subparts.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

To the extent that Paragraph 48 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses.

49.

Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

To the extent that Paragraph 52 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses.

53.

In responding to Paragraph 53 of Plaintiff's Complaint, Defendants admit that Great West provided liability coverage to On the Way pursuant to the language and terms of the subject policy. Defendants deny the rest and remainder of the allegations contained in Paragraph 53 of Plaintiff's Complaint, as stated.

54.

Defendants admit the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint, as stated.

56.

Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint, as stated.

57.

Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

To the extent that Paragraph 58 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendants are without sufficient information to formulate a belief as to the truth or falsity of the allegations in Paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

To the extent that Paragraph 64 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses.

65.

Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

To the extent that the first sentence of Paragraph 66 of Plaintiff's Complaint requires a response, Defendants incorporate by reference and restate as if in full their responses made in the above Paragraphs and all of their Defenses. Defendants deny the rest and remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

Defendants deny any and all allegations contained in Plaintiff's Complaint which have not been expressly admitted or denied herein.

Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph contained in Plaintiff's Complaint.

WHEREFORE, Defendants pray:

(a)    That Plaintiff's Complaint be dismissed with all costs and attorneys' fees charged to Plaintiff;

(b)    That this Court deny Plaintiff's demand for damages and judgment in its entirety;

(c)    That this Court enter a Judgment in favor of Defendants and against the Plaintiff;

(d)    That Defendants be granted a trial by a jury of 12; and

(e)    For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 8th day of May 2023.

O'DANIEL McDONALD, LLC

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
Alexa L. Hirschfield
Georgia Bar No. 964889
9040 Roswell Road, Suite 500
Atlanta, GA 30350
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com
ahirschfield@odmclaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the Plaintiff's counsel of record with a copy of the within and foregoing ANSWER OF DEFENDANTS using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Nathan Fitzpatrick
The Fitzpatrick Firm, LLC
14 Lenox Pointe NE
Atlanta, GA 30324
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

This 8th day of May 2023.

/s/Clay S. O'Daniel
Clay S. O'Daniel